1

2

3

4

5

6

7

8            **IN THE UNITED STATES DISTRICT COURT**

9            **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    BRIAN CRUZ,                              CASE NO.: 1:06-cv-00883 DLB PC

12                   Plaintiff,          _____ ORDER DISMISSING DEFENDANT
                                                 CAKE FROM ACTION WITHOUT PREJUDICE
13          vs.

14    JAMES E. TILTON, et al.,                 (Doc. 32)

15                   Defendants.

16    _____/

17          Plaintiff Brian Cruz ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in

18    this civil rights action pursuant to 42 U.S.C. § 1983. .  This action is proceeding on Plaintiff's amended

19    complaint, filed on August 11, 2006.   (Doc. 3.)  On October 30, 2008, the Court issued an order

20    directing the United States Marshal to initiate service of process on nine defendants.   (Doc. 16.)

21    Defendants Tilton, Alameida, Adams, Ahlin, Saunders, and Duvall have made an appearance in the

22    action.  However, the Marshal was unable to locate and serve Defendant B. Cake, and on March 5, 2009,

23    the Marshal returned the USM-285 form to the Court.  (Doc. 31.)

24          Rule 4(m) provides in relevant part,

25          If a defendant is not served within 120 days after the complaint is filed, the court — on motion
            or on its own after notice to the plaintiff — must dismiss the action without prejudice against
26          that defendant or order that service be made within a specified time. But if the plaintiff shows
            good cause for the failure, the court must extend the time for service for an appropriate period.
27

28    Fed. R. Civ. P. 4(m).

                                                    1

1      In cases involving a plaintiff proceeding in forma pauperis, a United States Marshal, upon order

2  of the court, shall serve the summons and the complaint.  Fed. R. Civ. P. 4(c)(2).  "'[A]n incarcerated

3  pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the

4  summons and complaint and ... should not be penalized by having his action dismissed for failure to

5  effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'"  Walker v.

6  Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir.

7  1990)), *abrogated on other grounds by* Sandin v. Connor, 515 U.S. 472 (1995).  "So long as the prisoner

8  has furnished the information necessary to identify the defendant, the marshal's failure to effect service

9  is 'automatically good cause . . . .'"  Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d

10  598, 603 (7th Cir.1990)).  However, where a pro se plaintiff fails to provide the Marshal with accurate

11  and sufficient information to effect service of the summons and complaint, the court's sua sponte

12  dismissal of the unserved defendants is appropriate.  Walker, 14 F.3d at 1421-22.

13      In this instance, the address provided by Plaintiff for B. Cake  is no longer accurate, as it appears

14  that B. Cake is not in the CDC locator.  (Doc. 31.)  Plaintiff was provided with the opportunity to show

15  cause why B. Cake should not be dismissed from the action at this time, but failed to do so.

16      Accordingly, pursuant to Federal Rule of Civil Procedure 4(m), B. Cake is HEREBY ORDERED

17  DISMISSED from this action, without prejudice.

18

19      IT IS SO ORDERED.

20  **Dated:   August 7, 2009**              **/s/ Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28

2