1

2

3

4

5

6            **UNITED STATES DISTRICT COURT**

7               EASTERN DISTRICT OF CALIFORNIA

8

9 BRIAN CRUZ,                        Case No. 1:06-cv-00883-DLB (PC)

               Plaintiff,           ORDER GRANTING DEFENDANTS'
10                                 MOTION TO STRIKE PLAINTIFF'S
      v.                            SURREPLY
11

12 JAMES E. TILTON, et al.,          (Doc. 44)

                 Defendants.     ORDER GRANTING DEFENDANTS'
13                                  MOTION TO DISMISS

14 _____/    (Doc. 36)

15

16 **I.**    **Order**

17       **A.**    **Procedural History**

18         Brian Cruz ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this

19 civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's first

20 amended complaint, filed August 11, 2006, against Defendants Cobbs, Ahlin, Saunders, Carrillo,

21 and Duvall for retaliation, against Defendants Tilton, Alameida, and Adams for failure to

22 properly train, supervise, assign, and discipline prison staff, and against Defendants Saunders,

23 Ahlin, and Carrillo for failing to provide for Plaintiff's security/protection.[1]

24         On March 26, 2009, Defendants filed a motion to dismiss for: 1) failure to exhaust

25

26       [1] The Court dismissed all of Plaintiff's other claims for failure to state a claim upon which relief may be granted. (Doc. 14, Findings and Recommendations; Doc. 19, Order Adopting Findings and Recommendations.)
        Because Plaintiff is proceeding in forma pauperis, the United States Marshal must effect service upon
27 defendants. Fed. R. Civ. P. 4(c)(2). On August 10, 2009, the Court issued an order dismissing B. Cake from this action without prejudice pursuant to Federal Rule of Civil Procedure 4(m) for Plaintiff's failure to provide the
28 Marshal with accurate and sufficient information necessary to effect service. (Doc. 49.)

administrative remedies pursuant to the unenumerated portion of Rule 12(b) of the Federal Rules

of Civil Procedure and 2) failure to state a claim upon which relief may be granted pursuant to

Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (Doc. 36, Defs.' Mot. to Dismiss.)  On

May 18, 2009, Plaintiff filed his opposition to Defendants' motion to dismiss.  (Doc. 41, Pl's

Opp'n to Mot. to Dismiss.)  On May 29, 2009, Defendants filed a reply to Plaintiff's opposition.

(Doc. 42, Defs.' Reply to Pl.'s Opp'n.)[2]  The matter is deemed submitted.  L. R. 78-230(m).

On June 22, 2009, Plaintiff filed a "Response in Support of denying 12(b) Motion."

(Doc. 43.)  This document appears to be a surreply, opposing Defendants' reply.  On July 1,

2009, Defendants filed a motion to strike Plaintiff's surreply contending that there is no

provision in the Federal Rules of Civil Procedure or the Local Rules authorizing filing a surreply

to the moving party's reply.  (Doc. 44, Mot. to Strike 3.)  Surreplies are not generally allowed

under the Local Rules of this Court.  See L. R. 78-230(m).  The Court neither requested nor

granted permission for Plaintiff to file a surreply.  Accordingly, Defendants' motion to strike

Plaintiff's surreply is GRANTED and Plaintiff's surreply is HEREBY ORDERED STRICKEN.

### B.    Summary of Plaintiff's Amended Complaint

Plaintiff alleges that during his confinement at California Substance Abuse and Treatment

Facility ("CSATF"), he was the subject of a continued pattern of retaliation by Defendants.

Plaintiff alleges that Defendants Cobbs, Ahlin, Saunders, Carrillo, and Duvall retaliated against

Plaintiff for filing prisoner grievances, civil lawsuits, and corresponding with public officials by

(1) threatening to harm, punish, injure, and harass Plaintiff; (2) searching Plaintiff's cell

excessively; (3) filing fraudulent disciplinary charges to retain Plaintiff in administrative

segregation ("ad seg"); (4) instigating Plaintiff's assault by inmate Sargent; (5) fraudulently

---

[2] Defendants contend that Plaintiff's opposition should be stricken because Plaintiff failed to submit a certificate of service with his opposition, as required by the Federal Rules of Civil Procedure and the Eastern District's Local Rules.  (Doc. 42, Defs.' Reply 2.)  Defendants however ignore Local Rule 5-135(g), Attorney Registration For Electronic Filing.  "Admission to practice in the Eastern District of California includes the requirement that the attorney complete an e-filing registration form and receive a username and password. Completion of the registration form will permit electronic filing of documents and, unless an attorney opts out, will authorize acceptance of service by electronic means."  L. R. 5-135(g).  Defendants make no contention that they have opted out of this service.  According to the electronic receipt in the Eastern District of California's Case Management/Electronic Case Filing system, counsel for Defendants was electronically served Plaintiff's opposition. Defendants' argument is therefore rejected.

1  inflating Plaintiff's points to ensure retention in maximum security; (6) permitting the loss, theft,

2  or destruction of Plaintiff's property; (7) fraudulently manipulating  Plaintiff's classification; (8)

3  failing to properly process Plaintiff's complaints; and (9) engaging in acts of intimidation against

4  Plaintiff.

5      Plaintiff also alleges that Defendants Tilton, Alameida, and Adams are liable for

6  deliberate indifference when they knowingly failed to respond to Plaintiff's requests for help by

7  failing to properly train, supervise, assign, and discipline prison staff.  Plaintiff also alleges that

8  Defendants Saunders, Ahlin, and Carrillo failed to provide for Plaintiff's security/protection

9  when Defendants instigated an inmate attack on Plaintiff.

10      **C.**   **Failure to Exhaust Administrative Remedies**

11          ***1.***   ***Legal Standard***

12      Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with

13  respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

14  confined in any jail, prison, or other correctional facility until such administrative remedies as are

15  available are exhausted."  42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available

16  administrative remedies prior to filing suit.  Jones v. Bock, 127 S. Ct. 910, 918-19 (2007);

17  McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  Exhaustion is required

18  regardless of the relief sought by the prisoner and regardless of the relief offered by the process,

19  Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all

20  prisoner suits relating to prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002).

21      Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative

22  defense under which defendants have the burden of raising and proving the absence of

23  exhaustion.  Jones, 127 S. Ct. at 921; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).

24  The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to

25  an unenumerated Rule 12(b) motion, rather than a summary judgment motion.  Wyatt, 315 F.3d

26  at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th

27  Cir. 1988) (per curiam)).  In deciding a motion to dismiss for failure to exhaust administrative

28  remedies, the court may look beyond the pleadings and decide disputed issues of fact.  Wyatt,

1    315 F.3d at 1119-20.  If the court concludes that the prisoner has failed to exhaust administrative

2    remedies, the proper remedy is dismissal without prejudice.  Id.

3         The California Department of Corrections has an administrative grievance system for

4    prisoner complaints.  Cal. Code Regs., tit. 15 § 3084.1 (Deering 2009).  The process is initiated

5    by submitting a CDC Form 602.  Id. § 3084.2(a).  Four levels of appeal are involved, including

6    the informal level, first formal level, second formal level, and third formal level, also known as

7    the "Director's Level."  Id. § 3084.5.  Appeals must be submitted within fifteen working days of

8    the event being appealed, and the process is initiated by submission of the appeal to the informal

9    level, or in some circumstances, the first formal level.  Id. §§ 3084.5, 3084.6(c).  In order to

10   satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their

11   claims prior to filing suit.  Woodford v. Ngo, 548 U.S. 81, 86 (2006); McKinney, 311 F.3d at

12   1199-1201.

13        Plaintiff does not have to name each defendant in his grievance form.  See Jones v. Bock,

14   549 U.S. 218-19 (2007) ("The level of detail necessary in a grievance to comply with the

15   grievances procedures will vary from system to system and claim to claim, but it is the prison's

16   requirements, and not the PLRA, that define the boundaries of proper exhaustion . . . .

17   [E]xhaustion is not per se inadequate simply because an individual later sued was not named in

18   the grievances.").  The inmate appeal form CDC-602 does not require identification of specific

19   individuals.  See Cal. Code Regs., tit. 15 § 3084.2(a).

20             *2.    Arguments*

21             A.    Retaliation and Grievance No. SATF-03-00525

22        Defendants contend that Plaintiff's only exhausted grievance regarding retaliation, SATF-

23   03-00525, should be limited only to allegations of retaliation for an indeterminate SHU term.

24   (Doc. 36-2, Mem. of P. & A. in Supp. of Mot. to Dismiss 8:1-8.)  Defendants contend that

25   Plaintiff's other claims, including: (1) placed in ad seg on September 2001, May 2002, and

26   December 10, 2002, (2) subjected to retaliatory cell searches in October 2002, (3) forced off the

27   inmate advisory committee ("IAC") by Defendant Carrillo, and (4) having his property stolen,

28   should not be considered because they were not timely raised.  (Mem. of P. &. A. 6-8.)  Plaintiff

1  contends that grievance No. SATF-03-00525 encompasses the time period of July 18, 2001

2  through May 2004 and clearly shows a pattern of retaliation and harassment.  (Pl.'s Opp'n 2-3.)

3       An examination of grievance No. SATF-03-00525 indicates that Plaintiff submitted the

4  grievance on January 26, 2003, and appealed it through the director's level.  Plaintiff specifically

5  alleged in his exhausted grievance a pattern of retaliation and harassment and listed three

6  incidents that he alleges support his claims: placement in ad seg on September 3, 2001, on May

7  13, 2002, the most recent ad seg placement on December 11, 2002, and continued retention in ad

8  seg for endorsement of an indeterminate SHU (Secure Housing Unit) term.  However, the three

9  prior placements were not exhausted by grievance No. SATF-03-00525.

10      In order to be entitled to relief regarding those three ad seg placements, Plaintiff was

11  required to exhaust administrative remedies within the time required by prison regulation.  An

12  inmate must appeal a decision by prison officials "within 15 working days of the event or

13  decision being appealed."  Cal. Code Regs. tit. 15, § 3084.6(c).  Grievance No. SATF-03-00525

14  was not submitted until January 26, 2003, well after Plaintiff had been placed in ad seg for the

15  three incidents.  Thus, it cannot be used to exhaust administrative remedies for the September

16  2001, May 2002, and December 2002 ad seg placement.  These three incidents were not

17  exhausted and thus cannot proceed as claims in this action.

18      Plaintiff raised other issues in grievance No. SATF-03-00525: Plaintiff being forced to

19  resign from the IAC by Defendant Carrillo, excessive cell searches, and having his property

20  being stolen.  (Doc. 37, Exh. SATF-03-00525.)  Contrary to Defendants' arguments, Plaintiff did

21  raise these claims in his initial grievance.  These claims were considered at the Director's level.

22  Plaintiff alleges that the actions continued in the past and to date are still experienced.  (Doc. 37,

23  Exh. SATF-03-00525.)  However, Plaintiff failed to exhaust these claims with grievance No.

24  SATF-03-00525.  According to Plaintiff's amended complaint, Defendant Carrillo allegedly

25  forced Plaintiff's resignation from the IAC in April 2002.  (Pl.'s Am. Compl. ¶ 41.)  Plaintiff

26  alleges that Defendants excessively searched his cell between October 3, 2001 and May 13, 2002,

27  and again sometime before December 10, 2001.  (Pl.'s Am. Compl. ¶ ¶ 40, 50.)  Defendants

28  allegedly enabled the theft of Plaintiff's property on several occasions, including July 2001 and

1   December 2002.  (Pl.'s Am. Compl. ¶¶ 30, 51.)  Based on the allegations, Plaintiff did not timely

2   grieve these other claims with grievance No. SATF-03-00525.  Plaintiff submitted grievance No.

3   SATF-03-00525 on January 26, 2003, well after those other alleged incidents occurred.  Plaintiff

4   thus has not exhausted administrative remedies as to these claims.[3]

5         Accordingly, the only claim that is properly exhausted by grievance No. SATF-03-00525

6   is Plaintiff's allegation of a retaliatory indeterminate SHU term.

7                         **B.**    **Other Retaliation Claims**

8         Defendants further contend that Plaintiff has not exhausted his other retaliation claims,

9   such as: Defendant appeals coordinator Duvall's rejections of Plaintiff's inmate grievances

10  because of a retaliatory motive; Plaintiff being subjected to threats; officers provoking the inmate

11  attack on Plaintiff; Plaintiff's classification points being fraudulently manipulated; and Plaintiff's

12  complaints being improperly processed.  (Mem. of P. & A. 8:23-9:7.)  Defendants contend that

13  Plaintiff failed to describe these events in any administrative grievance.  (Mem. of P. & A. 9:2-

14  3.)

15        Plaintiff contends in opposition that these issues were raised in other inmate grievances.

16  (Pl.'s Opp'n 2-3.)   Plaintiff contends that some inmate grievances were fully granted and thus

17  did not need to be appealed to the director's level.  (Pl.'s Opp'n 2.)  Plaintiff also contends that

18  other inmate grievances were purposefully thrown out or lost by Defendant Duvall.  (Pl.'s Opp'n

19  3-4.)  Plaintiff attaches exhibits in support of his argument.  Defendants in response contend that

20  none of Plaintiff's submitted evidence demonstrates exhaustion of administrative remedies for

21  Plaintiff's retaliation claims.  (Doc. 42, Defs.' Reply 3-4.)

22        In addition to grievance No. SATF-03-00525, Plaintiff submits SATF-01-03866, SATF-

23  01-04083, SATF-01-05599, SATF-02-02905, SATF-02-03052, SATF-01-03308, SATF-01-

24  04964, and SATF-01-04123, in support of his arguments.  Plaintiff also submits various

25  correspondence between Plaintiff and state officials.  An examination of grievance No.  SATF-

26

27       [3] Consideration of claims raised in a grievance does not automatically waive the defense of timeliness of

28  exhaustion for other administrative settings.  See e.g., Belgrave v. Pena, 254 F.3d 384, 387 (9th Cir. 2001)
    (timeliness not waived in context of EEOC unless specifically found).

1   03-00525 indicates that Plaintiff did not describe any of those claims in his prisoner grievance.

2   Plaintiff's other submitted grievances are addressed below.

3                                    I.    SATF-01-03866

4           In Grievance No. SATF-01-03866, Plaintiff complained of a new 114-D (lock-up order),

5   72 hours to prepare for his classification hearing, a staff assistant, as well as a return to all

6   programs prior to the lock-up. (Pl.'s Opp'n 12-15.)  This does not have any relation to any of

7   Plaintiff's claims for retaliation, failure to supervise, train, or discipline, or failure to protect,

8   because it appears to concern alleged due process issues.  Thus, SATF-01-03866 does not

9   exhaust any of Plaintiff's claims in this action.

10                                   II.   SATF-01-04083

11          Grievance No. SATF-01-04083 concerned Plaintiff being attack by inmate Sargent,

12  signing get along chronos and still being retained in ad seg. (Pl.'s Opp'n 16-19.)  These claims

13  do not exhaust Plaintiff's other retaliation claims because there is no mention of retaliatory

14  actions by any prison staff.  The nature of the grievance focused on Plaintiff's alleged lack of due

15  process.  Grievance No. SATF-01-04083 does not exhaust any of Plaintiff's claims in this action.

16                         III.   SATF-01-05599, SATF-02-02905, SATF-02-03052

17          Grievance No. SATF-01-05599 concerned Plaintiff's issues with Lieutenant Saunders.

18  Plaintiff requested that Defendant Saunders: cease threatening Plaintiff with placement in ad seg,

19  not retaliate against Plaintiff for filing the grievance, and not allowed to hear the charges against

20  Plaintiff.  The grievance was partially granted.  Plaintiff subsequently withdrew the grievance.

21  (Pl.'s Opp'n 20-23.)

22          Grievance No. SATF-02-02905 concerned Plaintiff's placement in ad seg and subsequent

23  lack of a timely review.  Plaintiff withdrew the grievance. (Pl.'s Opp'n 24-27.)

24          Grievance No. SATF-02-03052 concerned Plaintiff's placement in ad seg, which was

25  grieved in SATF-02-02905.  Plaintiff filed this as an emergency appeal, which prison officials

26  denied.  Plaintiff withdrew this grievance. (Pl.'s Opp'n 28-32.)

27          A withdrawn inmate grievance cannot be used to demonstrate exhaustion of

28  administrative remedies.  See Rivera v. United States Postal Service, 830 F.2d 1037, 1039 (9th

1  Cir. 1987) (finding that withdrawing appeal "is to abandon one's claim, to fail to exhaust one's

2  remedies"). Plaintiff's contentions that the grievances were withdrawn under duress are

3  unsupported by any evidence. Plaintiff thus cannot use grievance Nos. SATF-01-05599, SATF-

4  02-02905, and SATF-02-03052 to show exhaustion of administrative remedies.

5                  IV.   <u>SATF-01-03308</u>

6      Grievance No. SATF-01-03308 concerned staff misplacement of Plaintiff's television set.

7  (Pl.'s Opp'n 38-42.) This grievance is unrelated to any claims in Plaintiff's amended complaint

8  and thus does not exhaust any of Plaintiff's claims raised in the complaint.

9                  V.   <u>SATF-01-04123 and SATF-01-04964</u>

10     Grievance No. SATF-01-04123 concerned Plaintiff's lack of adequate medication. The

11  appeal was granted. (Pl.'s Opp'n 50-54.) Grievance No. SATF-01-04964 concerned prison

12  officials' failure to process SATF-01-04123 as an emergency appeal, and was denied. (Pl.'s

13  Opp'n 44-49.) Neither appeal concerns any of Plaintiff's claims raised in this action. Thus,

14  neither appeal exhausts administrative remedies for claims in this action.

15     Plaintiff alleges that grievance No. SATF-01-04964 demonstrates that Defendant Duvall

16  illegally rejected grievance No. 01-04123, and thus was engaging in retaliation actions against

17  Plaintiff. Based on the grievance, Defendant Duvall did err in rejecting Plaintiff's grievance, but

18  that does not in itself indicate any retaliatory action by Defendant Duvall. Thus, this grievance

19  does not exhaust administrative remedies as to any retaliatory action by Defendant Duvall.

20     The letters sent to public officials outside of the grievance process do not demonstrate

21  exhaustion of administrative remedies. Plaintiff must utilize the grievance process of the prison

22  system and comply with its regulations in order to exhaust administrative remedies. <u>See</u> <u>Jones</u>,

23  549 U.S. at 218.

24     Having reviewed all relevant documents, exhibits, and evidence, the Court finds that

25  Plaintiff has not exhausted administrative remedies for any of Plaintiff's retaliation claims except

26  for the December 11, 2002 ad seg placement, excessive cell searches, removal from the IAC, and

27  having his property stolen, which were administratively exhausted by grievance No. SATF-03-

28  00525.

1

### C.     Failure to Protect/Safety

2       Defendants contend that Plaintiff did not exhaust his claim that Defendants Ahlin,

3   Carrillo, and Saunders instigated the attack by inmate Sargent.  (Mem. of P. & A. 9-10.)  The

4   only grievances concerning inmate Sargent are SATF-01-04083 and SATF-01-03866.  There is

5   no mention in either claim of staff misconduct in instigating the attack.  Plaintiff did not give

6   adequate notice to prison officials of the problems and what he wanted resolved, as required by

7   prison regulation.  Cal. Code Regs., tit. 15 § 3084.2(a).  Plaintiff thus does not exhaust

8   administrative remedies for his claim that Defendants Ahlin, Carrillo, and Saunders instigated an

9   inmate attack.

10                          ### D.     Supervisory Defendants

11      Defendants contend that Plaintiff did not exhaust his claim against supervisory

12  Defendants Tilton, Alameida, and Adams.  (Mem. of P. & A. 9.)  Defendants contend that

13  grievance No. SATF-03-00525 does not name the supervisory Defendants and does not allege

14  that Defendants were aware of the alleged retaliation but allowed it to continue.  (Mem. of P. &

15  A. 9.)  Defendants' argument that the naming of supervisory defendants is required for proper

16  exhaustion is incorrect as that is not required under prison regulations. Cal. Code Regs., tit. 15 §

17  3084.2(a); Jones, 549 U.S. at 218.  However, Plaintiff does not sufficiently inform prison

18  officials of his problems as to the supervisory Defendants.  Plaintiff makes no allegations

19  regarding any person's failure to train, supervise, or discipline prison staff for misconduct in the

20  grievance.  See Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009) ("The primary purpose of

21  a grievance is to alert the prison to a problem and facilitate its resolution.") Plaintiff did not alert

22  prison officials as to his problems with the supervision of prison staff.  Thus, Plaintiff does not

23  exhaust his claims against Defendants Tilton, Alameida, or Adams.

24      Because Plaintiff has failed to exhaust his administrative remedies for his claims against

25  Defendants Duvall, Tilton, Alameida, Adams, Carrillo, and Saunders, they are dismissed from

26  this action without prejudice.  Wyatt, 315 F.3d at 1119-20.

27  //

28  //

1          **D.    Statute of Limitations**

2          Defendants contend that all of Plaintiff's claims occurring before July 11, 2002, four

3   years prior to the filing of this action, are time-barred, and should be dismissed.  Defendants

4   contend this includes: (1) failure to protect claim against Defendants Ahlin, Carrillo, and

5   Saunders (which allegedly occurred in September 2001); (2) all allegations of retaliation by

6   Defendants Carrillo and Saunders (all of which occurred before July 11, 2002); (3) all allegations

7   of retaliation by Defendants Ahlin, Cobbs, and Duvall occurring before July 11, 2002; and (4) all

8   allegations of failure to train against Defendants Adams, Alameida, and Tilton arising before July

9   11, 2002.  (Mem. of P. & A.  11-12.)  Defendants contend that the continuing violations doctrine

10  does not apply here because (1) it does not transform related discrete acts into a single unlawful

11  practice; (2) Plaintiff has not sufficiently plead a "policy or custom"; and (3) "policy or custom"

12  claims are not available for individual plaintiffs.  (Mem. of P. & A. 12.)

13         Because § 1983 contains no specific statute of limitations, federal courts should borrow

14  state statutes of limitations for personal injury actions in § 1983 suits.  See Wallace v. Kato, 549

15  U.S. 384, 387 (2007); Lukovsky v. City of San Francisco, 535 F.3d 1044, 1048 (9th Cir. 2008).

16  Federal courts should also borrow all applicable provisions for tolling the limitations period

17  found in state law.  Wallace, 549 U.S. at 387.  California's statute of limitations for an action for

18  a personal injury caused by the wrongful or negligent act of another is two years from the date of

19  accrual.  Cal. Civ. Proc. Code § 335.1 (Deering 2009).  California's statute of limitations may be

20  tolled up to two years for a prisoner's monetary damage claims.  Id. § 352.1.[4]  Federal law

21  determines when a cause of action accrues and the statute of limitations begins to run for a §

22  1983 claim.  Lukovsky, 535 F.3d at 1048.  A federal claim accrues when the plaintiff knows or

23  has reason to know of the injury which is the basis of the action.  Id.  Here, the statute of

24

25         [4] As noted by Defendants, prior to January 1, 2003, the limitations period for personal injury actions was
26  one year.  Cal. Civ. Proc. Code § 340.3 (Deering 2002).  If a plaintiff has asserted any claims that were not time
    barred on the effective date of the change in the limitations period, the plaintiff receives the benefit of the extension.
27  Miller v. Davis, 420 F. Supp. 2d 1108, 1110-11 (E. D. Cal. 2006).  Because Plaintiff is a state prisoner, the original
    one year limitations period plus the two year statutory tolling for incarceration results in Plaintiff's allegations from
28  July 11, 2002 onward not being time-barred as of January 1, 2003, when the statute was enlarged an additional year.
    Plaintiff thus receives the benefit of the extension.

1   limitations bars all of Plaintiff's claims which accrued prior to July 11, 2002.

2          In his amended complaint, Plaintiff alleges that on July 2001, Defendant Saunders placed

3   Plaintiff in ad seg because Plaintiff had written letters and complaints.  (Doc. 3, Pl.'s Am.

4   Compl. ¶ 29.)  Plaintiff alleges that on September 2001, Defendant Saunders informed Plaintiff

5   that he would be left alone and not confined to ad seg if he would stop filing complaints; Plaintiff

6   refused.  (Doc. 3, Pl.'s Am. Compl. ¶ 32.)  Plaintiff alleges that on September 3, 2001, Plaintiff

7   was assaulted by an inmate because of Defendants Saunders, Ahlin, and Carrillo.  (Pl.'s Am.

8   Compl. ¶ 33.) Plaintiff alleges that on September 4, 2001, Defendant Carrillo committed several

9   due process violations in retaining Plaintiff in ad seg.  (Pl.'s Am. Compl. ¶ 35.)  Plaintiff alleges

10  that Defendant Adams failed to address Plaintiff's due process violations despite Plaintiff

11  receiving a court order requiring prison officials to show cause for the ad seg detention.  (Pl.'s

12  Am. Compl. ¶ 38.)  Plaintiff alleges that between October 3, 2001 and May 13, 2002, Plaintiff

13  was harassed and antagonized by Defendant Adams's personnel, including excessive cell

14  searches, bogus RVRs, and placement in holding cages for 4-5 hours while handcuffed.  (Pl.'s

15  Am. Compl. ¶ 40.)  Plaintiff alleges that on April 2002, Defendant Carrillo suspended Plaintiff

16  from the IAC (inmate advisory committee) and threatened further ad seg placement if Plaintiff

17  continued to write complaints.  (Pl.'s Am. Compl. ¶ 41.)  Plaintiff alleges that on May 13, 2002,

18  Defendant Ahlin told Plaintiff to stop writing to public officials or he would be locked up;

19  Plaintiff was subsequently placed in ad seg.  (Pl.'s Am. Compl. ¶ 42.)  Plaintiff alleges that

20  Defendant Ahlin continued to retain Plaintiff in ad seg until May 31, 2002, when he was released

21  from ad seg by special review.  (Pl.'s Am. Compl. ¶¶ 43-45.)  Plaintiff alleges that because he

22  testified in another trial for a fellow inmate against the prison staff, Plaintiff was reissued an

23  RVR and found guilty.  (Pl.'s Am. Compl. ¶¶ 47-48.)  Plaintiff alleges that Defendant Ahlin

24  forced Plaintiff to resign from the IAC.  (Pl.'s Am. Compl. ¶ 48.)

25         All of the above-mentioned claims accrued prior to July 11, 2002.  Plaintiff would have

26  reason to know or did know of the injuries he allegedly suffered at the time.  Even if related to

27  timely raised claims, these acts are not actionable if time-barred because they are discrete

28  discriminatory acts.  <u>Carpinteria Valley Farms, Ltd. v. County of Santa Barbara</u>, 344 F.3d 822,

1   828 (9th Cir. 2003) (citing Nat'l R. R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002)).

2   Thus, the following claims are dismissed as time-barred by the statute of limitations: failure to

3   protect claim against Defendants Ahlin, Carrillo, and Saunders, all allegations of retaliation by

4   Defendants Carrillo and Saunders, and allegations of retaliation by Defendants Ahlin, Cobbs, and

5   Duvall accruing before July 11, 2002 are all dismissed as time-barred.

6       Defendants further contend that Plaintiff has not plead a policy or custom that would

7   form the basis of a continuing violation.  Defendants contend that all allegations of failure to

8   train against Defendants Adams, Alameida, and Tilton accruing before July 11, 2002 are

9   therefore time-barred.  Plaintiff does not appear to have alleged a policy or custom, but rather a

10  claim of supervisory liability.  Once Plaintiff allegedly notified Defendants Adams, Alameida,

11  and Tilton of their subordinates' actions but they failed to act, those claims accrued.  Thus, to the

12  extent that Plaintiff's supervisory liability claims against Defendants Adams, Alameida, and

13  Tilton accrued before July 11, 2002, they are dismissed as time-barred.

14      **E.    Failure To State A Claim Upon Which Relief May Be Granted**

15          *1.    Legal Standard*

16      "The focus of any Rule 12(b)(6) dismissal . . . is the complaint."  Schneider v. California

17  Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).  In considering a motion to dismiss for

18  failure to state a claim, the court must accept as true the allegations of the complaint in question,

19  Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in

20  the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's

21  favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969).  The federal

22  system is one of notice pleading.  Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126

23  (2002).  "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

24  exceptions," none of which apply to § 1983 actions.  Swierkiewicz v. Sorema N. A., 534 U.S.

25  506, 512 (2002), overruled in part on other grounds by Bell Atlantic Corp. v. Twombly, 550 U.S.

26  544 (2007); see Fed. R. Civ. P. 8(a).

27      Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim

28  showing that the pleader is entitled to relief . . ."  Fed. R. Civ. P. 8(a).  "Such a statement must

1   simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which

2   it rests." Swierkiewicz, 534 U.S. at 512.  Detailed factual allegations are not required, but

3   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

4   statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Twombly,

5   550 U.S. at 555).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a

6   claim that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at

7   555).  While factual allegations are accepted as true, legal conclusion are not.  Id. at 1949.

8       Discovery and summary judgment motions - not motions to dismiss - "define disputed

9   facts" and "dispose of unmeritorious claims."  Id. at 512.  "The issue is not whether a plaintiff

10  will ultimately prevail but whether the claimant is entitled to offer evidence to support the

11  claims.  Indeed it may appear on the face of the pleadings that a recovery is very remote and

12  unlikely but that is not the test." Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting

13  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171

14  (9th Cir. 2004) (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001)) ("'Pleadings need

15  suffice only to put the opposing party on notice of the claim . . . .'").

16                    **2.    *Failure to Protect/Safety***

17      Defendants contend that Plaintiff has not sufficiently alleged a failure to protect claim

18  against Defendants Ahlin, Carrillo, and Saunders.  (Mem. of P. & A. 13-14.)  Because the Court

19  has dismissed this claim for failure to exhaust administrative remedies and as time-barred, the

20  Court need not address Defendants' argument here.

21                    **3.    *Retaliation Claim Against Duvall***

22      Defendants contend that Plaintiff has failed to state a retaliation claim against Defendant

23  Duvall.  (Mem. of P. & A. 14-16.)  Because the Court dismissed the retaliation claim against

24  Defendant Duvall for failure to exhaust administrative remedies, the Court need not decide

25  Defendants' argument here.

26                    **4.    *Theft, Cell Searches, Holding Cage, and Withholding of ICC Chrono***

27      Defendants contend that Plaintiff's claims of property theft while he was housed in ad

28  seg, excessive cell searches, confinement in a small holding cage, and deliberate withholding of

1   his ICC chrono should be dismissed because Plaintiff fails to link any of these claims with any

2   Defendants.  (Mem. of P. & A. 16.)  Plaintiff's amended complaint makes reference to

3   "personnel of Adams" who subjected Plaintiff to excessive cell searches, bogus RVRs, and

4   confinement in a holding cage, from October 3, 2001 to May 13, 2002.  (Pl.'s Am. Compl. ¶ 40.)

5   Plaintiff alleges that Defendant Ahlin's retaliatory placement of Plaintiff in ad seg on December

6   11, 2002 enabled the theft of Plaintiff's property.  (Pl.'s Am. Compl. ¶ 51.)

7          Plaintiff's claims regarding bogus RVRs and confinement in a holding cage fail to link

8   any Defendants to any acts that violated Plaintiff's constitutional or federal rights. See Long v.

9   County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006) ("To state a claim under § 1983, a

10  plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of

11  the United States was violated, and (2) that the alleged violation was committed by a person

12  acting under the color of State law.").  Plaintiff's claim regarding the theft of his property on July

13  21, 2001 and December 10, 2002 were not exhausted, as stated previously.  (Pl.'s Am. Compl. ¶¶

14  30, 51.)

15         Defendants contend that Plaintiff's claim of deliberate withholding of his ICC chrono

16  should be dismissed because Plaintiff fails to link this to any actions by Defendants.  (Mem. of P.

17  & A. 16.)  Contrary to Defendants' assertions, Plaintiff named "defendants" as responsible for

18  the deprivation of his December 19, 2002 ICC chrono, which hampered Plaintiff's ability to

19  appeal their alleged misconduct. (Pl.'s Am. Compl. ¶ 53.)  However, Plaintiff did not exhaust

20  administrative remedies as to this claim, since there is no mention of this problem in any

21  grievance submitted by Plaintiff.  Accordingly, this claim is dismissed.

22              **5.    *Claims Against Defendants Tilton and Alameida***

23         Defendants contend that Plaintiff failed to state a claim against Defendants Tilton and

24  Alameida.  Because Plaintiff failed to exhaust administrative remedies against Defendants Tilton

25  and Alameida, the Court need not address Defendants' argument.

26  //

27  //

28  //

14

**II.**    **Conclusion and Order**

For the foregoing reasons, the Court HEREBY ORDERS that:

1)    Defendants' motion to dismiss, filed on March 26, 2009, is GRANTED as stated herein;

2)    Defendants Carrillo, Saunders, Duvall, Tilton, Alameida, and Adams are dismissed from this action without prejudice for failure to exhaust administrative remedies; and

3)    This action is proceeding on Plaintiff's retaliation claim against defendants Ahlin and Cobbs for Plaintiff's indeterminate SHU term.


IT IS SO ORDERED.

**Dated:    September 23, 2009**              **/s/ Dennis L. Beck**
                                          UNITED STATES MAGISTRATE JUDGE