# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN CRUZ, | CASE NO. 1:06-CV-00883-DLB PC |
|            Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION REGARDING ACCESS TO LEGAL PROPERTY (DOC. 59) |
|            v. | |
| JAMES E. TILTON, et al., | ORDER DENYING PLAINTIFF'S MOTION TO COMPEL (DOC. 60) |
|            Defendants. | |

Plaintiff Brian Cruz ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendants Cobbs and Ahlin for retaliation in violation of the First Amendment. Pending before the Court are: 1) Plaintiff's motion for access to his legal property, filed October 20, 2010, and 2) Plaintiff's motion to compel, filed January 4, 2011. Docs. 59, 60.

## I.  Motion For Access To Legal Property

Plaintiff moves for access to his legal property. Plaintiff was transferred from R. J. Donovan Facility to California State Prison, Los Angeles County, ("CSP-LAC") and was without access to his legal property. The Court treats the motion as one for preliminary injunction.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 129 S. Ct. 365, 374 (2008) (citations omitted). The purpose of preliminary injunctive relief is to preserve the status quo or to prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d

1415, 1422 (9th Cir. 1984). "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter*, 129 S. Ct. at 376. An injunction may only be awarded upon a clear showing that the movant is entitled to relief. *Id.*

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Lyons*, 461 U.S. at 102. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. United States Immigration Serv.*, 753 F.2d 719, 727 (9th Cir. 1985).

Plaintiff complains of conduct that occurred at CSP-LAC. The Court lacks jurisdiction over CSP-LAC, as the prison is not before the Court in this action. Accordingly, it is HEREBY ORDERED that Plaintiff's motion for access to his legal property, filed October 20, 2010, is DENIED.

## II.   **Motion To Compel**

Plaintiff moves to compel responses to Plaintiff's discovery requests. Defendants contend that Plaintiff's motion is deficient because it does not have the requisite proofs of service, and the discovery requests were untimely filed.

Plaintiff contends extenuating circumstances led to the untimely filing of his discovery requests. Plaintiff contends that he was transferred on September 22, 2010 to CSP-LAC. Plaintiff was without a bed for weeks, and was not released into the general population until October 21, 2010. Plaintiff received his property on October 25, 2010. On October 31, 2010, Plaintiff sent Defendants his discovery requests. Plaintiff contends that during his deposition on November 22, 2010, he asked the deputy attorney general representing Defendants whether she had received Plaintiff's discovery requests. Defendants' counsel responded that she had just received them and had not had the opportunity to review them, but would do so as soon as possible.

1    Pursuant to the Court's Discovery and Scheduling Order, the discovery cut-off date was November 30, 2010. The parties were specifically informed that "[a] request for an extension of a deadline set in this order must be filed on or before the expiration of the deadline in question; and extensions of time will only be granted on a showing of good cause." Order ¶¶ 10-11, Doc. 53. Plaintiff's motion to compel was filed on January 4, 2011. Thus, Plaintiff is also requesting an extension of time after the deadline. Not only does Plaintiff need to present good cause for an extension of time, Plaintiff must also demonstrate excusable neglect for the failure to act prior to the deadline. *See* Fed. R. Civ. P. 6(b).

Plaintiff has not presented good cause. Plaintiff received his property on October 25, 2010. Plaintiff would be aware that the Court's Discovery and Scheduling Order required discovery requests be filed forty-five days before the discovery cut-off date. Since, according to Plaintiff, he did not mail his discovery requests until October 31, 2010, Plaintiff's discovery requests would be considered untimely. In order for Plaintiff's discovery requests to be timely, Plaintiff should have filed a motion to modify the discovery cut-off date prior to November 30, 2010. Because no good cause or excusable neglect has been presented, Plaintiff's discovery requests were untimely. Defendants will not be required to respond to Plaintiff's motion to compel.[1]

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion to compel, filed January 4, 2011, is DENIED.

IT IS SO ORDERED.

Dated:   **August 23, 2011**             **/s/ Dennis L. Beck**
                                         UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff contends that Defendants' counsel acted in bad faith, when Plaintiff assumed that counsel would respond to his discovery requests. Defendants' counsel contends that she did not promise to respond to Plaintiff's discovery requests, only to review them. The deposition transcript does not indicate which party is correct. However, both parties have a responsibility to abide by the Court's orders. Plaintiff's failure to move for an extension of time is not excused.
    Plaintiff also moves for summary judgment in this action. Doc. 60. Plaintiff's motion is clearly devoid of any facts in support, and fails to comply with Local Rule 260(a). Plaintiff's motion for summary judgment is denied.