# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN CRUZ, | CASE NO. 1:06-CV-00883-DLB PC |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION AND STRIKING PLAINTIFF'S |
| v. | SUPPLEMENTAL OBJECTIONS (DOC. 72) |
| JAMES E. TILTON, et al., | ORDER DENYING DEFENDANTS' MOTION TO DECLARE PLAINTIFF |
| Defendants. | VEXATIOUS LITIGANT (DOC. 65) |

**Order**

**I.   Background**

Plaintiff Brian Cruz ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding against Defendants Cobbs and Ahlin for retaliation in violation of the First Amendment. Pending before the Court is Defendants' motion to declare Plaintiff a vexatious litigant, filed February 7, 2011.  Defs.' Mot., Doc. 65.  Plaintiff filed his opposition on March 30, 2011.  Pl.'s Opp'n, Doc. 68.  Defendants filed their reply on April 11, 2011.  Defs.' Reply, Doc. 71.  The matter is submitted pursuant to Local Rule 230(l).  On April 22, 2011, Plaintiff subsequently filed supplemental objections to Defendants' motion.  Doc. 72.  On April 29, 2011, Defendants filed a motion to strike Plaintiff's objections.  Doc. 73.

**II.   Motion To Strike Supplemental Objections**

Defendants move to strike Plaintiff's objections, contending that such filings are not permitted by the Court's Local Rules.  Defs.' Mot. 3, Doc. 73.  Plaintiff's objections are in effect

1

a surreply. Pursuant to the Court's Local Rules, a surreply is not permitted. *See* L.R. 230(l) (allowing for filings of motions, oppositions, and replies and deeming the motion submitted when reply is filed). The Court did not request a surreply to be filed. Accordingly, Defendants' motion to strike Plaintiff's surreply is HEREBY GRANTED, and Plaintiff's supplemental objections are stricken.

### III.     Motion To Declare Plaintiff Vexatious Litigant

####     A.     Legal Standard

A District Court is empowered to enjoin litigants who have abusive histories of litigation or who file frivolous lawsuits from continuing to do so. *See*, *e.g.*, 28 U.S.C. § 1651(a) ("The Supreme Court and all courts established by Act of Congress may issue writs necessary and appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."). "'A District Court not only may, but should, protect its ability to carry out its constitutional functions against the threat of onerous, multiplicitous, and baseless litigation.'" *Safir v. United States Lines, Inc.*, 729 F.2d 19, 24 (2d Cir. 1986) (quoting *Abdullah v. Gatton*, 773 F.2d 487, 488 (2d Cir. 1985)). Federal courts possess the inherent power "to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Delong v. Hennesey*, 912 F.2d 1144, 1147 (9th Cir. 1990). "Frivolous claims by a litigious plaintiff may be extremely costly to defendants and can waste valuable court time." *DeNardo v. Murphy*, 781 F.2d 1345, 1348 (9th Cir. 1986). Enjoining litigants from filing new actions under 28 U.S.C. § 1651(a) is one such restriction that the District Court may take. *DeLong*, 912 F.2d at 1147.

The Court may issue an order declaring a litigant to be a vexatious litigant and require a litigant to seek permission from the Court prior to filing any future suits. *Weissman v. Quail Lodge Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999); *see DeLong*, 912 F.2d at 1146-47. Federal courts have been cautious in declaring plaintiffs vexatious litigants. To issue such an order, Ninth Circuit case law requires that the District Court ensure that: (1) the Plaintiff is given adequate notice to oppose a restrictive pre-filing order; (2) the record of the case filings reflects "in some manner, that the litigant's activities were numerous and abusive;" (3) there are

substantive findings as to the frivolousness or harassing nature of plaintiff's filings; and (4) the order is narrowly tailored to remedy only the plaintiff's particular abuses. *O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990); *DeLong*, 912 F.2d at 1147-49. "An order limiting a prisoner's access to the courts must be designed to preserve his right to adequate, effective and meaningful access [to the courts] . . . while preserving the court from abuse." *Franklin v. Murphy*, 745 F.2d 1221, 1231-32 (9th Cir. 1984). A pre-filing order cannot issue merely upon a showing of litigiousness. *Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990). A review of the plaintiff's claims must establish that they were both numerous and without merit. *Id.*

This Court has also adopted Title 3A, part 2, of the California Code of Civil Procedure relating to vexatious litigants, as a procedural rule to allow ordering of a security for costs. *See* L.R. 151. Rule 151(b) states,

> On its own motion or on motion of a party, the Court may at any time order a party to give a security, bond, or undertaking in such amount as the Court may determine to be appropriate. The provisions of Title 3A, part 2, of the California Code of Civil Procedure, relating to vexatious litigants, are hereby adopted as a procedural Rule of this Court on the basis of which the Court may order the giving of a security, bond, or undertaking, although the power of the Court shall not be limited thereby.

Under California Code of Civil Procedure section 391(b), a vexatious litigant is defined as one who, while acting pro se, has done any of the following:

> (1) In the immediately proceeding seven-year period has commenced, prosecuted, or maintained in propia persona at least five litigations other than in a small claims court that have been (i) finally determined adversely to the person or (ii) unjustifiably permitted to remain pending at least two years without having been brought to trial or a hearing.
>
> (2) After a litigation has been finally determined against the person, repeatedly relitigates or attempts to relitigate, in propia persona, either (i) the validity of the determination against the same defendant or defendants as to whom the litigation was finally determined or (ii) the cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the same defendant or defendants as to whom the litigation was finally determined.
>
> (3) In any litigation while acting in propia persona, repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay.
>
> (4) Has previously been declared to be a vexatious litigant by any state or federal court of record in any action or proceeding based upon the same or substantially similar facts, transaction, or occurrence.

**B.      Analysis**

Defendants contend that Plaintiff is a vexatious litigant pursuant to the California Code of Civil Procedure. Defendants cite to the following seven litigations[1]:

1. *Cruz v. Adams*, Case No. 1:02-cv-05301-REC DLB HC (E.D. Cal.) (denial of a writ of habeas corpus contesting a disciplinary action on October 20, 2004);

2. *Cruz v. Adams*, Case No. 05-16142 (9th Cir.) (decision on August 1, 2006 affirming district court's decision in Case No. 1:02-cv-05301-REC DLB HC);

3. *Cruz v. Schwarzenegger*, Case No. 1:06-cv-00759-LJO-GSA-PC (E.D. Cal.) (dismissed on June 18, 2009 with prejudice for failure to state a claim);

4. *Cruz v. Gomez*, Case No. 2:98-cv-02322-LKK-GGH (E.D. Cal.) (dismissed on October 11, 2001 for Plaintiff's failure to exhaust administrative remedies);

5. *Cruz v. Gomez*, Case No. 06-16473 (9th Cir.) (dismissed on January 24, 2007 for failure to prosecute);

6. *In re: Brian Cruz*, Case No. 06HC0730 (Amador County Sup. Ct.) (petition for writ of habeas corpus challenging conditions of confinement denied on April 17, 2006); and

7. *In re: Brian Cruz*, Case No. HSC 10928 (San Diego County Sup. Ct.) (petition for writ of habeas corpus challenging various conditions of confinement denied on January 22, 2008).

The Court takes judicial notice of the above actions.

Plaintiff contends that the latter two actions were moot because Plaintiff received relief prior to any defendants responding to the writ. Pl.'s Opp'n 11. Plaintiff contends that *Cruz v. Adams* and its appeal, and *Cruz v. Gomez* and its appeal, should be treated as two actions rather than four. *Id.* at 10-11.

---

[1] "Litigation" is defined to include "any civil action or proceeding, commenced, maintained or pending in any state or federal court," as well as "any appeal or writ proceeding." Cal. Civ. Proc. Code § 391(a); *McColm v. Westwood Park Ass'n*, 62 Cal. App. 4th 1211, 1216 (1998).

Defendants' motion is denied on two grounds.  First, unlike the requirements for state law, Ninth Circuit case law requires that a district court find, *inter alia*, that Plaintiff have a history of frivolous or harassing filings and that the Plaintiff's activities were numerous and abusive.  *O'Louglin*, 920 F.2d at 617.  While Plaintiff has filed previous lawsuits, this appears to be the first action filed against these particular Defendants.  The previous litigations were not so numerous and abusive as to require declaring Plaintiff a vexatious litigant.  Local Rule 151(b) clearly makes declaring a party a vexatious litigant and imposing a security a discretionary determination.

Second, Defendants' reliance on writs of habeas corpus for purposes of the vexatious litigant requirements is unsupported under California law.  *In re Bittaker*, 55 Cal. App. 4th 1004, 1012 (1997) ("A petition for writ of habeas corpus is not a civil action or proceeding within the meaning of the vexatious litigant statute."); *see McColm*, 62 Cal. App. 4th at 1219 ("[Litigation] includes proceedings initiated in the Courts of Appeal by notice of appeal or by writ petitions *other than habeas corpus* or other criminal matters.") (emphasis added).  Three of the seven litigations cited by Defendants are writs of habeas corpus, which do not count for purposes of the vexatious litigant requirement.  Plaintiff has not accrued the requisite number of adverse determinations to qualify as a vexatious litigant under section 391 of the California Code of Civil Procedure.  Because Plaintiff is not a vexatious litigant, the Court does not address the merits of Plaintiff's action.

**III.   Conclusion**

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendants' motion to strike Plaintiff's supplemental objections, filed April 29, 2011, is GRANTED and Plaintiff's supplemental objections are STRICKEN; and
2. Defendants' motion to declare Plaintiff a vexatious litigant, filed February 7, 2011, is DENIED.

IT IS SO ORDERED.

Dated:   **August 26, 2011**                      **/s/ Dennis L. Beck**
                                                                    UNITED STATES MAGISTRATE JUDGE