# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN CRUZ, | CASE NO. 1:06-CV-00883-DLB PC |
| Plaintiff, | ORDER DENYING DEFENDANTS' MOTION TO MODIFY SCHEDULING ORDER |
| v. | |
| JAMES E. TILTON, et al., | (DOC. 79) |
| Defendants. | |

Plaintiff Brian Cruz ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendant Ahlin and Cobbs for retaliation in violation of the First Amendment. The Court set this matter for jury trial on January 17, 2012. Pending before the Court is Defendants' motion to modify the scheduling order, filed September 2, 2011. Doc. 79. The matter is submitted pursuant to Local Rule 230(l).

Defendants move for the Court to grant a modification of the schedule to allow Defendants the opportunity to file a dispositive motion. Defs.' Mot. 3, Doc. 79. The Court set a dispositive motion deadline of February 7, 2011. Discovery and Scheduling Order, Doc. 53. Plaintiff has not filed an opposition or otherwise responded.

The decision to modify a scheduling order is within the broad discretion of the district court. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992) (quoting *Miller v. Safeco Title Ins. Co.*, 758 F.2d 364, 369 (9th Cir. 1985)). Pursuant to Federal Rule of Civil Procedure 16, a pretrial scheduling order "shall not be modified except upon a showing of good

cause," and leave of court.  Fed. R. Civ. P. 16(b)(4); *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087-88 (9th Cir. 2002).  Although "the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Johnson*, 975 F.2d at 609.

Defendants contend that they have presented good cause on several grounds: 1) the filing of the motion to declare Plaintiff a vexatious litigant stayed this action, citing to California Code of Civil Procedure section 391.6, which was adopted by the Court as stated in Local Rule 151(b); and 2) Defendants' counsel is to defend three depositions in one trial proceeding, and is scheduled for trial in another case beginning in October.  Defs.' Mot. 3-4.  Defendants' motion fails on several grounds.

First, the Court is not bound by the California Code of Civil Procedure in this matter. The Court's schedule is set pursuant to the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 16.  Defendants appear to be under the misconception that because the Eastern District of California adopted Title 3A, part 2 of the California Code of Civil Procedure[1] for purposes of imposing a security on a party, the Court is bound by such rules.  However, the Local Rules are explicit in stating that "the power of the Court shall not be limited thereby."  L.R. 151(b).

Second, even if the Court followed the California Code of Civil Procedure in this instance, Defendants do not qualify for modification of the Court's schedule.  Section 391.6 of the California Code of Civil Procedure states that if a motion pursuant to section 391.1 is filed prior to trial, the litigation is stayed until ten days after the motion is denied.  The last deadline provided by the Court was the dispositive motion deadline of February 7, 2011.  Defendants filed their motion to declare Plaintiff a vexatious litigant on February 7, 2011.  Doc. 65.  Assuming a stay was granted, Defendants' pending motion is in effect a motion to modify the scheduling order, treated as if it was timely filed.

Defendants, however, have presented no good cause as to why a modification of the

---

[1] Title 3A, part 2 of the California Code of Civil Procedure is codified at section 391 to section 391.7, and governs vexatious litigants.

2

1 schedule should be permitted.  Defendants failed to file a motion for summary judgment on
2 February 7, 2011, and instead opted to file a motion to declare Plaintiff a vexatious litigant.  That
3 motion was denied on August 29, 2011, in part because Plaintiff was not actually a vexatious
4 litigant under the California Code of Civil Procedure.  Order, Doc. 75.  "Rule 16(b)'s 'good
5 cause' standard primarily considers the diligence of the party seeking the amendment."  *Johnson*,
6 975 F.2d at 609.   Defendants provide no explanation as to why they did not file a motion for
7 summary judgment on February 7, 2011, and thus have not demonstrated diligence.[2]

8     Accordingly, it is HEREBY ORDERED that Defendants' motion to modify the
9 scheduling order, filed September 2, 2011, is denied.

10     IT IS SO ORDERED.

11     Dated:   **October 31, 2011**               **/s/ Dennis L. Beck**
    UNITED STATES MAGISTRATE JUDGE

---

[2] Defendants' arguments regarding good cause relates only to good cause for an extension of time to file a motion for summary judgment currently.

3