# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN CRUZ, | CASE NO. 1:06-CV-00883-DLB PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR SANCTION |
| v. | (DOC. 85) |
| JAMES E. TILTON, et al., | |
| Defendants. | |

Plaintiff Brian Cruz ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation (CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendants J. Ahlin and Johnny Cobbs for retaliation in violation of the First Amendment. This matter is set for trial. Pending before the Court is Plaintiff's motion for sanction, filed November 9, 2011. Doc. 85. Defendants filed their opposition on November 17, 2011. Doc. 86. The matter is submitted pursuant to Local Rule 230(l).

Plaintiff contends that Defendants attempted to decline magistrate judge jurisdiction after having consented to magistrate judge jurisdiction. Plaintiff contends that Defendants are attempting to delay this action by seeking an extension of time to file a dispositive motion. Plaintiff seeks sanctions pursuant to 28 U.S.C. § 1927. Defendants contend that they submitted the decline form because they were provided the opportunity. Defendants further contend that none of their actions were reckless or bad faith, including requesting permission to file a dispositive motion.

Sanctions pursuant to 28 U.S.C. § 1927 are for any attorney who so multiplies the proceeding in any federal case "unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." "Reckless or bad faith is required to support a fee award under § 1927." *Cline v. Industrial Maintenance Eng'g & Contr. Co.*, 200 F.3d 1223, 1236 (9th Cir. 2000) (citing *United States v. Blodgett*, 709 F.2d 608, 610 (9th Cir. 1983)). "'Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent.'" *Id.* (quoting *Estate of Blas v. Winkler*, 792 F.2d 858, 860 (9th Cir. 1986)).

Defendants appear to have disregarded the Court's order on August 31, 2011, which vacated the order regarding consenting or declining magistrate judge jurisdiction. Nonetheless, sanctions will not be imposed against Defendants. There is no evidence that Defendants' counsel acted recklessly in raising a frivolous argument. Plaintiff has incurred no costs or expenses by any unreasonable or vexatious conduct. Accordingly, Plaintiff's motion for sanctions, filed November 9, 2011, is denied.

IT IS SO ORDERED.

Dated:   **December 7, 2011**            /s/ **Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE