1

2

3

4

5

6

7

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

8   BRIAN CRUZ,                                  CASE NO. 1:06-cv-00883-SKO PC

9               Plaintiff,                       ORDER FOLLOWING TELEPHONIC
                                                 HEARING
10          v.
                                                 Motions in Limine Hearing: January 17, 2012, at
11  J. COBBS and J. AHLIN,                       8:30 a.m. in Courtroom 7 (SKO)

12               Defendants.                     Jury Trial: January 17, 2012, at 1:00 p.m. in
                                                 Courtroom 7 (SKO)
13

14  _____/

15          This matter is currently set for jury trial on January 17, 2012, at 9:00 a.m.  At 10:15 a.m. on

16  January 13, 2012, the parties appeared by telephone for a hearing on motions in limine.  Based on

17  the concerns Plaintiff expressed regarding his appearance by telephone from the prison and in the

18  presence of correctional staff, the motions in limine hearing is continued to 8:30 a.m. on January 17,

19  2012, in Courtroom 7.  Jury trial is continued from 9:00 a.m. to 1:00 p.m. on January 17, 2012, to

20  accommodate the motions in limine.

21          During the hearing, Plaintiff notified the Court that he turned over to prison staff for mailing

22  a number of motions within the past week, approximately.  To date, no motions have been received

23  by the Court.  Plaintiff may raise any necessary trial-related motions on January 17, 2012, at 8:30

24  a.m.

25          With regard to Plaintiff's request for the appointment of counsel or an assistant to aid him

26  during trial, which Plaintiff represented was the substance of one of the motions sent but not yet

27  received, there exists no legal basis to appoint counsel and there is no legal basis upon which an

28  assistant may be appointed.  There is no constitutional right to the appointment of counsel in cases

1

1  such as this, Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009); Storseth v. Spellman, 654 F.2d

2  1349, 1353 (9th Cir. 1981), and while the Court may request the voluntary assistance of counsel

3  pursuant to 28 U.S.C. § 1915(e)(1), it will do so only if exceptional circumstances exist, Palmer, 560

4  F.3d at 970; Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1981).  This determination

5  requires the evaluation of (1) the ability of Plaintiff to articulate his claims *pro se* in light of the

6  complexity of the legal issues involved and (2) the likelihood of success on the merits.  Palmer, 560

7  F.3d at 970 (citation and quotation marks omitted); Wilborn, 789 F.2d at 1331.   Neither

8  consideration is dispositive and they must be viewed together.  Palmer, 560 F.3d at 970 (citation and

9  quotation marks omitted); Wilborn 789 F.2d at 1331.

10        Plaintiff's representations that he is in CCCMS (Correctional Clinical Case Management

11  System), one of the prison system's mental health program designations, and that he has ADD and/or

12  ADHD are duly noted.   However, the legal issues surrounding Plaintiff's First Amendment

13  retaliation claim are not complex, and based on the record in this case, which has included two recent

14  telephonic hearings before the undersigned, Plaintiff is very capable of articulating his claims

15  himself.  Additionally, as the Court informed Plaintiff during the hearing, it will assist him with the

16  various procedural aspects of trial.

17        Finally, the Court cannot find that Plaintiff is likely to succeed on the merits.  The resolution

18  of this case will hinge on the credibility of the witnesses and a weighing of the evidence, both of

19  which rest with the jury and neither of which may be predicted at this time.  Therefore, given the

20  absence of exceptional circumstances, the Court declines to appoint counsel to represent Plaintiff

21  at trial.

22        Based on the foregoing, it is HEREBY ORDERED that:

23        1.      The motions in limine hearing is continued to January 17, 2012, at 8:30 a.m. in

24               Courtroom 7;

25        2.      Jury trial is continued to January 17, 2012, at 1:00 p.m. in Courtroom 7; and

26  ///

27  ///

28  ///

1          3.        Plaintiff's motion for the appointment of counsel, raised at the hearing, is denied.

2

3   IT IS SO ORDERED.

4   **Dated:      January 13, 2012**                              /s/ **Sheila K. Oberto**
                                                              UNITED STATES MAGISTRATE JUDGE
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28